**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ERVEY LIRA,  #27398-078** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:19cv611** |
| | § | **CRIMINAL ACTION NO. 4:17cr174(2)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Ervey Lira filed a motion to vacate, set aside, or correct  sentence pursuant to 28 U.S.C. § 2255, asserting violations concerning his Eastern District of Texas, Sherman Division conviction.  The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I.  BACKGROUND**

On August 9, 2018, the District Court sentenced Movant to two hundred ten months' imprisonment after he pled guilty pursuant to a written plea agreement  to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846.  Movant did not file a direct appeal, but filed the instant § 2255 motion on August 16, 2019, arguing he is entitled to relief based on ineffective assistance of counsel.  The Government filed a response, asserting Movant is entitled to no relief (Dkt. #8), to which Movant filed a reply (Dkt. #9).

1

## II.    STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992).  In a § 2255 proceeding, a movant  may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow.  A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*).  A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).  The role of § 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.* Similarly, "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)); *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant pled guilty pursuant to a written plea agreement, but reserved for review a sentence exceeding the statutory maximum as well as claims of ineffective assistance of counsel.  He does not assert he received a sentence exceeding the statutory maximum, but raises  ineffective assistance of counsel claims.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700.  A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence.  *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995).  The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance.  *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.  When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged

deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

**1.    Failure to Explain Plea Agreement**

Movant first claims Counsel was ineffective because he failed to explain the waiver of rights in his Plea Agreement. The record refutes this claim. The Plea Agreement itself, which Movant signed, states, "I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it." Crim. ECF (Dkt. #184). Furthermore, the Plea Agreement also states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement and each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

*Id*. Movant waived his rights to plead not guilty, to be tried by a jury, to have his guilt proved beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses in his defense, and to not be compelled to testify against himself. He stated that he understood the charge and the elements of the offenses, as well as the possible sentences he faced. Movant stipulated that his guilty plea was freely and voluntary given, and not the result of force, threats, or promises, other than those contained in the written Plea Agreement. Also included in his Plea Agreement was the following waiver provision:

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The

4

> defendant, however, reserves the right to appeal any punishment imposed in excess
> of the statutory maximum.  The defendant also reserves the right to appeal or seek
> collateral review of a claim of ineffective assistance of counsel.

*Id.*   Additionally, Movant's Plea Agreement  states, "This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement." *Id.*  Movant's signed Plea Agreement shows that he was properly admonished of his rights and that he understood the rights he was waiving by signing it.

At Movant's change of plea hearing, Movant said he understood the charge, the elements of the offense, and the rights he was waiving by pleading guilty.  *Id.*  (Dkt. #389).  He agreed that he had read and understood the Plea Agreement before signing it, and Counsel had fully explained each paragraph.  Movant understood the sentencing range.  He stated that everything contained in the Factual Basis was true and correct. The Court admonished Movant as to his waiver of rights and the rights he was reserving.  Movant again affirmed that Counsel had advised him of the terms of his Plea Agreement.  *Id.*  Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Furthermore, the undersigned United States Magistrate Judge issued Findings of Fact in which it was noted that Movant "is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is made freely, knowingly, and voluntarily."  *Id.* (Dkt. #187).  In Movant's Consent, he again stated he understood his rights, the nature of the charges against him and the consequences of the guilty plea.  *Id.* (Dkt. #183). In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his actions, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).  Movant fails to show that he did not

understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. Each of these documents show that Movant was properly admonished by both Counsel and the Court as to the rights he possessed and those he was waiving when agreeing to the Plea Agreement; thus, Movant's issue is without merit.

## 2.    Failure to Challenge Drug Amounts

Movant next claims that Counsel was ineffective for failing to challenge the drug amounts listed in the Pre-Sentence Report ("PSR"). The Court first notes that Movant could have raised this issue on direct appeal, but did not. It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Lopez*, 148 F.3d 427, 433 (5th Cir. 2001); *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *Jones*, 614 F.2d at 82). It is also well-settled that a collateral challenge may not take the place of a direct appeal. *Shaid*, 937 F.2d at 231. Accordingly, if Movant raised, or could have raised, constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232. Movant fails to show cause for his procedural default and actual prejudice resulting from the error, or that he is actually innocent. *Id.* Accordingly, the issue is procedurally barred.

Even if it was not procedurally barred, the record shows that Movant stipulated in his Plea

6

Agreement that the conspiracy in which he participated involved at least ninety kilograms of heroin, and that it was reasonably forseeable to him "as part of jointly undertaken activity resulting in a base offense level pursuant to U.S.S.G. § 2D1.1 of 38." *Id.* (Dkt. #184). This issue is frivolous; accordingly, any argument Counsel would have advanced in this vein would have been frivolous. Counsel cannot be held to be ineffective for failing to argue frivolous claims. *Sones v. Hargett*, 61 F.3d 410, 420-21 (5th Cir. 1995); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Movant's issue is procedurally barred, and alternatively, it is frivolous and without merit.

## IV.  CONCLUSION

In conclusion, Movant fails to meet his burden in showing that, but for Counsel's alleged deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. He also fails to show that, but for Counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Finally, Counsel's failure to object to the amount of heroin involved in the conspiracy is both procedurally barred and meritless. For these reasons, the motion should be denied.

## V.  CERTIFICATE OF APPEALABILITY

A movant may not file an appeal with the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of

a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

It is recommended the § 2255 motion be denied and dismissed with prejudice. It is further recommended a certificate of appealability be denied. Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings

and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 22nd day of August, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE